IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NAOMI MARSH, | No. C 11-02096 CRB |
| Plaintiff, | **ORDER DENYING MOTION FOR RECONSIDERATION** |
| v. | |
| COMMISSIONER OF SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

The Court entered judgment in this Social Security case on May 7, 2012, in favor of the Commissioner. Dkt. 28. Petitioner has submitted a Motion for Reconsideration, pursuant to Federal Rule of Civil Procedure 59(e). See P Mot. for Recons. Dkt. 29. Petitioner submits that this Court committed "manifest error" in applying harmlessness analysis to the ALJ's omission of Dr. Betat's testimony, and did not fully credit such testimony. Id. at 2. However, (a) the Ninth Circuit has recognized harmless error in Social Security cases, (b) the Supreme Court stated that 42 U.S.C. § 405(g) provides more specific guidance here than Chenery's general principle, and (c) this Court's prior Order did, in fact, fully credit Dr. Betat's testimony. Therefore, the Court DENIES Petitioner's Motion.

## I. PROCEDURAL HISTORY

Petitioner filed an application for Social Security Disability Insurance Benefits ("SSDIB") on November 21, 2006, alleging disability beginning October 2, 2001. Administrative Record ("AR") at 89-96. The Commissioner denied Petitioner's application

1 initially in April 2007 and upon reconsideration in June 2007. Id. at 60-70. Petitioner
2 appealed. Id. at 74. After a hearing, an Administrative Law Judge found Petitioner "not
3 disabled." Id. at 13-22. Petitioner filed this civil action on April 28, 2011, (dkt. 1), and the
4 Court entered judgment against Petitioner and in favor of the Commissioner on May 7, 2012.
5 Petitioner timely filed a Motion for Reconsideration on June 4, 2012.

## II.  LEGAL STANDARD

A party in district court may bring a "motion to alter or amend a judgment" within twenty-eight days of the entry of judgment. Fed. R. Civ. P. 59(e). A Rule 59(e) motion may be granted when 1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based, 2) the moving party presents newly discovered or previously unavailable evidence, 3) the motion is necessary to prevent manifest injustice, or 4) there is an intervening change in controlling law. Turner v. Burlington N. Santa Fe R. Co., 338 F.3d 1058, 1063 (9th Cir. 2003).

"A district court has considerable discretion when considering a motion to amend a judgment under Rule 59(e)." Id. "A motion for reconsideration under Rule 59(e) 'should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" McDowell v. Calderon, 197 F.3d 1253, 1255 (9th Cir. 1999) (emphasis in original) (citing 389 Orange St. Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999)).

## III.  DISCUSSION

Petitioner argues that "this Court committed manifest error by failing to apply very basic bedrock principles of administrative/appellate law, and by using incorrectly the principles of finding harmless." P Mot. for Recons. at 2. The Court disagrees.

### A.  "Harmless error" in Social Security cases

This Court's April 27, 2012, Order was not the first to consider harmless error in a Social Security context. In a recent decision, the Ninth Circuit noted: "Shinseki v. Sanders establishes that administrative adjudications are subject to the same harmless error rule as generally applies to civil cases. . . . We addressed the issue of harmless error in social

security disability cases in McLeod v. Astrue, holding that Sanders applies fully to them." Ludwig v. Astrue, No. 10-35946, 2012 WL 1959245, at *6 (9th Cir. June 1, 2012).[1] "Reversal on account of error is not automatic, but requires a determination of prejudice." Id.; see also Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) ("A decision of the ALJ will not be reversed for errors that are harmless.").

In this case, unlike Ludwig, the Court applied harmlessness analysis to the ALJ's omission of Dr. Betat's clinical notes, which Petitioner claims weighs in her favor. Of course, an "ALJ is not required to discuss evidence that is neither significant nor probative." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir. 2003). Since Petitioner challenged that the ALJ's decision had not mentioned Dr. Betat's clinical notes, it was appropriate for the Court to consider the content and weight of that evidence.

Although the Court found that the ALJ should have acknowledged that Dr. Betat was Petitioner's treating physician at a relevant time, it found that Dr. Betat's SOAP clinical notes simply did not include evidence which would have altered the ALJ's final determination. In Molina v. Astrue, the Ninth Circuit ruled, "[W]e have said that an error is harmless so long as there remains substantial evidence supporting the ALJ's decision and the error does not negate the validity of the ALJ's ultimate conclusion." 674 F.3d 1104, 1115 (9th Cir. 2012) (internal quotation omitted). In Molina, the Court further cautioned that a proposal similar to Petitioner's "would prevent the reviewing court from making a case-specific application of judgment, based upon examination of the record and would require the reviewing court to reverse in many cases where it is obvious from the record . . . that the error made no difference." Id. at 1118 (internal quotations and citations omitted).

---

[1] In Ludwig, the ALJ received ex parte evidence from an FBI agent who saw the claimant walking with a normal gait in the parking lot and later with an exaggerated limp inside of the Federal Courthouse. The Ninth Circuit found error, but deemed it harmless. "Considering the record as a whole, and the ALJ's explanation of his decision, we are convinced that Ludwig has not demonstrated that the decision would have been any different without the ex parte communication." Ludwig, 2012 WL 1959245, at *6. In Shinseki v. Sanders, the Supreme Court reversed the Federal Circuit's "too complex and rigid" harmless-error framework, 556 U.S. 396, 399 (2009), and held that the Veteran's Court must "apply the same kind of 'harmless-error' rule that courts ordinarily apply in civil cases," id. at 406. Thereafter, the Ninth Circuit ruled in McLeod v. Astrue, "We conclude that Sanders applies to Social Security cases as well as VA cases." 640 F.3d 881, 887 (9th Cir. 2011).

3

As shown in Ludwig, Burch, and Molina, the issue of harmless error applies to judicial review of administrative adjudications, including Social Security cases. Thus, applying it in this case was not "manifest error."

### B. 42 U.S.C. § 405(g) and Chenery

In her Motion for Reconsideration, Petitioner argues that this Court's decision is at odds with the Supreme Court's decision in Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194 (1947). Petitioner argues that Chenery precludes this Court from ruling that an ALJ's omission was harmless because it was not within this Court's power. P Mot. for Recons. at 2-3. In Chenery, the Supreme Court ruled:

> "[W]e acknowledge[] a simple but fundamental rule of administrative law. That rule is to the effect that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. If those grounds are inadequate or improper, the court is powerless to affirm the administrative action by substituting what it considers to be a more adequate or proper basis. To do so would propel the court into the domain which Congress has set aside exclusively for the administrative agency."

Sec. & Exch. Comm'n v. Chenery Corp., 332 U.S. 194, 196 (1947).

Accordingly, Petitioner alleges that this Court erred when it "fail[ed] to apply a basic or bedrock principle of review, that is, limiting review to the findings actually made." P Mot. for Recons. at 1-2. Petitioner argues that Chenery precludes the Court from considering the content of Dr. Betat's clinical notes to determine whether the omission was harmless, since the ALJ did not address Dr. Betat in his written decision. Id. at 4. However, Chenery's general administrative law principle does not necessarily apply to judicial review of Social Security claims.

District courts' review of Social Security cases is governed by 42 U.S.C. § 405(g). "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (emphasis added). The plain language of Section 405(g) makes it clear that a district court need not remand a case in order to implement its determination. This clause, in fact,

4

demonstrates Congress's intent to grant some degree of interactive discretion between the agency and the courts. A closer look at Chenery reveals that its principle applies to "a reviewing court, in dealing with a determination or judgment <u>which an administrative agency alone is authorized to make</u>." Chenery, 332 U.S. at 196 (emphasis added).

While there appears to be some tension between § 405(g) and Chenery, the Supreme Court has addressed the decision-making relationship between the courts and the Agency in Social Security cases. "As provisions for judicial review of agency action go, § 405(g) is somewhat unusual. The detailed provisions for the transfer of proceedings from the courts to the Secretary and for the filing of the Secretary's subsequent findings with the court <u>suggest a degree of direct interaction</u> between a federal court and an administrative agency <u>alien to traditional review of agency action</u> under the Administrative Procedure Act."[2] Sullivan v. Hudson, 490 U.S. 877, 885 (1989) (emphasis added). The Supreme Court went on to agree that "[t]he remand power places the courts, not in their accustomed role as external overseers of the administrative process, making sure that it stays within legal bounds, but <u>virtually as coparticipants in the process</u>, exercising ground-level discretion of the same order as that exercised by ALJs and the Appeals Council." Id. (citing J. Mashaw, C. Goetz, F. Goodman, W. Schwartz, P. Verkuil, & M. Carrow, Social Security Hearings and Appeals 133 (1978)) (emphasis added).

The Chenery doctrine, upon which Petitioner heavily relies, applies when a court reviews decisions "which an administrative agency alone is authorized to make." Chenery, 332 U.S. at 196. Yet, Congress explicitly stated in 42 U.S.C. § 405(g) that the Court may enter a judgment "affirming, modifying, or reversing . . . with or without remanding the

---

[2] In Sullivan v. Hudson, the Supreme Court considered whether a claimant could recover attorney's fees for proceedings held after a remand order under the Equal Access to Justice Act. Though the present case is not identical in every respect, Sullivan nonetheless applies. In the paragraph immediately preceding those quoted above, the Supreme Court noted, "Application of this provision to respondent's situation here requires brief consideration of the structure of administrative proceedings and judicial review under the Social Security Act." Sullivan, 490 U.S. at 884.

5

cause," and the Supreme Court's decision in <u>Sullivan v. Hudson</u> suggests that § 405(g) judicial review of Social Security cases is distinct from other administrative agencies.

Thus, the Court finds Petitioner's argument that <u>Chenery</u> precludes harmlessness analysis for an ALJ's omission unpersuasive.

### C. The Court fully credited Dr. Betat's testimony

Petitioner claims that the Court "improperly did not fully credit Dr. Betat's opinions." P Mot. for Recons. at 7. In fact, the Court read and considered all of Dr. Betat's clinical notes and summarized their contents with examples in the Order:

> To determine whether the ALJ's omission was harmless, the Court must consider Dr. Betat's opinion of Petitioner's condition. His assessments are included in a series of SOAP clinical notes, which briefly describe Petitioner's visits. Petitioner argues that these notes rebut the ALJ's disability finding, stating, "Dr. Betat dictated that [Petitioner] was 'non-functional,' she lacked ability to concentrate, and she was apparently 'disabled.'" In doing so, Petitioner overstates the certainty and, thus, the weight of Dr. Betat's January 2006 assessment note. It, in fact, states, "she is <u>pretty much</u> nonfunctional" and "<u>appears to be</u> disabled" but cautions that "[i]t <u>seems to be</u> legitimate, although it is <u>sometimes difficult to tell for sure</u>."
>
> In their entirety, Dr. Betat's SOAP notes provide minimal additional insight as to Petitioner's condition. While they may refer or speak to Petitioner's medical condition, Dr. Betat's assessment notes do not reveal a substantially different picture than the one interpreted by the ALJ. The ALJ's written decision acknowledged that Petitioner suffers from chronic right rotator cuff tendonitis, neck and back pain, status-post, post-traumatic bursitis in the left hip, and fibromyalgia. While Dr. Betat refers to tenderness, nerve trigger points, sensitivity, and aches and pains, his notes do not suggest, much less objectively diagnose, additional medical conditions.
>
> Each SOAP note's Subjective category largely reiterates Petitioner's statements to Dr. Betat, while the Objective and Assessment categories are especially brief and lack sufficient detail. For example, the Subjective section of Dr. Betat's August 19, 2004, note recounts his conversation with Petitioner about the effects of various medications, her description of symptoms, and Petitioner's concerns about her weight. The same note's Objective section simply states, "The patient has some sciatica notch tenderness on the left, and of course, trochanteric bursal tenderness on that side, a little trigger point tenderness on the right trapezius muscle as well in the shoulder," and the Assessment section briefly notes, "The patient has multiple aches and pains, some of which are related directly to her original injury, some that may not be." This does not contradict the determination of the ALJ.

Order at 8-9 (citations omitted) (emphasis in original).

The Court has revisited Dr. Betat's clinical notes and maintains that they do not present a substantively different picture of Petitioner's medical condition. Even when

Dr. Betat's SOAP notes are fully credited, they do not support Petitioner's contention. Thus, the Court finds Petitioner's argument fails.

## IV. CONCLUSION

For the forgoing reasons, the Court DENIES Petitioner's Motion.

**IT IS SO ORDERED.**

Dated: July 12, 2012

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE