**United States District Court**
For the Northern District of California

1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT
9                  FOR THE NORTHERN DISTRICT OF CALIFORNIA
10
11   NAOMI MARSH,                              No. C 11-2096 CRB
12            Plaintiff,                       **ORDER DENYING MOTION FOR**
                                               **ATTORNEY'S FEES**
13       v.
14   COMMISSIONER OF SOCIAL SECURITY
     ADMINISTRATION,
15
16            Defendants.
                                          /
17
18       Now before this Court is Petitioner's motion for attorneys' fees pursuant to the Equal

19   Access to Justice Act ("EAJA") following this Court's remand of the case to the

20   Administrative Law Judge ("ALJ") for review consistent with the Ninth Circuit's opinion in

21   favor of Petitioner.  See Mot. for Attorney Fees Under the EAJA (dkt. 41); Marsh v. Colvin,

22   792 F.3d 1170 (9th Cir. 2015); Order Remanding to the ALJ With Instructions (dkt. 48).

23   Plaintiff contends that the government's position was not substantially justified and thus,

24   because she prevailed in the Ninth Circuit, reasonable attorneys fees are to be awarded.

25   Plaintiff's motion for fees is DENIED, as explained below.

**I.    BACKGROUND**
26
27       Petitioner filed an application for Social Security Disability Insurance Benefits

28   ("SSDIB") on November 21, 2006, alleging disability beginning October 2, 2001.

     Administrative Record ("AR") at 89–96.  The Commissioner denied Petitioner's application

     in April 2007 and again upon reconsideration in June 2007.  Id. at 60–70.  Plaintiff appealed

1   to an Administrative Law Judge ("ALJ").  Id. at 74.  The ALJ affirmed.  Id. at 13–22.

2   Petitioner filed a civil action in April 2011, see Compl. for Disability Benefits Under the

3   Social Security Act (dkt. 1), and then filed a motion for summary judgment in November

4   2011.  See Plaintiff's Mot. for Summary Judgment and/or Remand (dkt. 18).  The

5   Commissioner filed a cross motion for summary judgment.  See Defendant's Cross-Mot. for

6   Summary Judgment (dkt. 23).  This Court entered judgment in favor of the Commissioner in

7   May 2012.  See Judgment (dkt. 28).  Plaintiff then filed a motion for reconsideration, which

8   this Court denied.  See Mot. for Reconsideration (dkt. 29); Order Denying Mot. for

9   Reconsideration (dkt. 32).

10         Petitioner appealed to the Ninth Circuit, which reversed.  See Plaintiff's Notice of

11  Appeal (dkt. 33); Marsh v. Colvin, 792 F.3d 1170, 1173 (9th Cir. 2015) (finding that the

12  ALJ's omission of Dr. Betat's notes was not harmless error).  Petitioner now requests that the

13  Court grant her motion for attorneys' fees pursuant to the EAJA.  See Mot. for Attorney Fees

14  Under the EAJA (dkt. 41).

15  **II.    LEGAL STANDARD**

16         A court shall award a prevailing party its fees and expenses in an action against the

17  United States unless "the position of the United States was substantially justified or special

18  circumstances make an award unjust."  28 U.S.C. § 2412(d)(1)(A).  A position is

19  substantially justified if it is justified to a point that could satisfy a reasonable person, i.e., it

20  has a reasonable basis in law or fact.  Pierce v. Underwood, 487 U.S. 552, 565 (1988); see

21  League of Women Voters v. Federal Communications Commission, 798 F.2d 1255, 1260

22  (9th. Cir. 1986) (stating that when a dispute is one over which reasonable minds could differ,

23  that is evidence that the government's position was substantially justified).  In making such a

24  determination, the court must consider the totality of the circumstances, which incorporates

25  both the underlying governmental action and the government's litigation position.  See Kali

26  v. Bowen, 854 F.2d 329, 332 (9th Cir. 1988) (noting that the inquiry includes whether both

27  the original action and the defense of the action was substantially justified); see also

28  Rawlings v. Heckler, 725 F.2d 1192, 1196 (9th Cir. 1984).  The government's failure to

United States District Court
For the Northern District of California

United States District Court
For the Northern District of California

1 prevail does not raise a presumption that its position was not substantially justified.  Kali,

2 854 F.2d at 332.  It is the Commissioner's burden to show that her position was substantially

3 justified.  Id.

4      If the government's position was not substantially justified, the next step in the

5 inquiry is to determine whether the fees requested are reasonable.  See Hensley v. Eckerhart,

6 461 U.S. 424, 433 (1983).  The starting point for this inquiry is "the number of hours

7 reasonably expended on the litigation multiplied by a reasonable hourly rate."  Id.  A

8 reasonable rate is determined by reference to the marketplace.  See, e.g., Missouri v. Jenkins,

9 491 U.S. 274, 285 (1989) (noting that "we have consistently looked to the marketplace as our

10 guide to what is 'reasonable.'").

11 **III.   DISCUSSION**

12      After prevailing in the Ninth Circuit, Petitioner alleges that attorneys' fees are

13 warranted under the EAJA because the Commissioner's position was not substantially

14 justified.  See Mot. for Attorney Fees Under the EAJA (dkt. 41).  Specifically, Petitioner

15 states that "the government's legal positions, in the final administrative decision, in the

16 administrative appeal of that decision, in district court proceedings, and at the Ninth Circuit,

17 were that the findings were supported by substantial evidence, and that there were no

18 significant errors or unsupported findings that flawed the decision under review.  Such

19 positions were not substantially justified, nor proper or supported by the record."  Id. at 4.

20 The Court disagrees.[1]

21      The Court must consider the totality of the circumstances in this litigation.  At issue

22 are the two main phases of litigation: first, whether the ALJ erred in omitting Dr. Betat's

23

24

25

26

27      [1] Because this Court finds that the government's position was substantially justified and thus
attorneys' fees are not warranted under the EAJA, the Court will not address the secondary issue of
28 amount of fees to be awarded.  See Mot. for Attorney Fees Under the EAJA (dkt. 41); Defendant's
Opp'n to Plaintiff's Mot. for Attorney Fees Under the EAJA (dkt. 45).

**United States District Court**
For the Northern District of California

1  note[2] from his explanation of the denial of Petitioner's SSIB application, and second,

2  whether the omission was harmless error.

3       First, the Commissioner's defense of the ALJ's omission of Dr. Betat's note was

4  substantially justified.  Evidence from a treating physician is given deference, and the ALJ

5  may only reject the opinion of a treating physician if it makes "findings setting forth specific,

6  legitimate reasons for doing so that are based on substantial evidence in the record."  Thomas

7  v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); see Magallanes v. Bowen, 881 F.2d 747, 751

8  (9th Cir. 1989).   However, "the opinion of the treating physician is not necessarily

9  conclusive as to either the physical condition or the ultimate issue of disability."  Thomas,

10  278 F.3d at 956 (citing Morgan v. Comm'r of Social Sec. Admin., 169 F.3d 595, 600 (9th

11  Cir. 1999)).  Thus, "[t]he ALJ need not accept the opinion of any physician, including a

12  treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical

13  findings."  Id. at 957; see Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th Cir.

14  2003) (noting that an "ALJ is not required to discuss evidence that is neither significant nor

15  probative.").

16       The Commissioner contended that Dr. Betat was neither Plaintiff's ongoing treating

17  physician nor providing a medical opinion.  See Defendant's Cross-Mot. for Summary

18  Judgment (dkt. 23) at 3–4; see also 20 C.F.R. § 404.1502 (defining "treating physician").

19  Thus, the Commissioner asserted, the ALJ was not required to explicitly mention statements

20  like those made by Dr. Betat.  See Thomas, 278 F.3d at 957.  Although this Court found that

21  Dr. Betat was in fact Plaintiff's treating physician, see Order Denying Petitioner's Mot. for

22  Summary Judgment (dkt. 27) at 7, the Court recognized that Dr. Betat's notes "provide[d]

23  minimal additional insight as to Petitioner's condition."  See id. at 9; see also 20 C.F.R. §

24  404.1527(a)(2) (noting that medical opinions must "reflect judgments about the nature and

25  severity of [a claimant's] impairment(s), including . . . symptoms, diagnosis and prognosis.").

26

27  _____

28       [2] The note at issue states that, "she is pretty much nonfunctional" and "appears to be disabled" but cautions that "[i]t seems to be legitimate, although it is sometimes difficult to tell for sure."  AR at 498 (emphasis added).

4

**United States District Court**
For the Northern District of California

1    The Commissioner's position in defense of the ALJ's ruling had a reasonable basis; a

2  reasonable person could be satisfied that the ALJ, of its own prerogative and based on the

3  lack of substance in Dr. Betat's note, properly determined that the doctor lacked credibility

4  and offered statements that were "brief, conclusory, and inadequately supported by clinical

5  findings."  Thomas, 278 F.3d at 957; see Molina v. Astrue, 674 F.3d 1104, 1121–22 (9th Cir.

6  2012) (stating that "it is the ALJ's prerogative to determine the credibility of witnesses.").

7  On this record, it was reasonable for the Commissioner to argue that Dr. Betat's note was not

8  probative.  See Order Denying Petitioner's Mot. for Summary Judgment (dkt. 27) at 9

9  (stating that, "[w]hile Dr. Betat refers to tenderness, nerve trigger points, sensitivity, and

10  aches and pains, [see AR at 496–508], his notes do not suggest, much less objectively

11  diagnose, additional medical conditions.").  Although this Court agreed that the ALJ could

12  have stated its reasoning more explicitly, see Order Denying Petitioner's Mot. for Summary

13  Judgment (dkt. 27) at 8, the Commissioner's failure to prevail on this point does not establish

14  that her position lacked substantial justification.  See Kali, 854 F.2d at 332.

15    Second, the Commissioner was substantially justified in arguing that the ALJ's

16  omission of Dr. Betat's note was harmless error, notwithstanding the Ninth Circuit's recent

17  ruling to the contrary.  In fact, this Court ruled in favor of the Commissioner on this point

18  and acknowledged that "[a]lthough the Court found that the ALJ should have acknowledged

19  that Dr. Betat was Petitioner's treating physician at a relevant time, it found that Dr. Betat's

20  SOAP clinical notes simply did not include evidence which would have altered the ALJ's

21  final determination.").  See Order Denying Mot. for Reconsideration (dkt. 32) at 3; see also

22  Stout v. Comm'r, Soc. Sec. Admin., 454 F.3d 1050, 1056 (9th Cir. 2006) (explaining that

23  harmless error can be found if a court "can confidently conclude that no reasonable ALJ,

24  when fully crediting the testimony, could have reached a different disability determination.").

25  Dr. Betat's notes did not "reveal a substantially different picture than the one interpreted by

26  the ALJ."  See Order Denying Petitioner's Mot. for Summary Judgment (dkt. 27) at 9.

27    It was reasonable for the Commissioner to contend that the omission of the doctor's

28  opinion was harmless error given the evidence in the record.  See Hardisty v. Astrue, 592

5

F.3d 1072, 1080 (9th Cir. 2010) (stating that the government's position "was substantially justified because all of the inferences upon which it rested had substance in the record."). As described above, the note did not add anything of substance to the record. Furthermore, this Court's view that Dr. Betat's note lacked substance lends support to the justification behind the Commissioner's position. See Lewis v. Barnhart, 281 F.3d 1081,1084 (9th Cir. 2002) (stating that the opinion of other judges is evidence as to whether a position is substantially justified, though not dispositive). The fact that the Ninth Circuit reversed on this point is proof that "reasonable minds could differ" and thus, the Commissioner's position was also reasonable. See League of Women Voters, 798 F.2d at 1260.

## IV.    CONCLUSION

Considering the totality of the circumstances and the evidence in the record, this Court finds that the Commissioner satisfied her burden to show that her position was substantially justified such that attorneys' fees under the EAJA are not warranted. For the foregoing reasons, Petitioner's motion is DENIED.


**IT IS SO ORDERED.**


Dated: September 24, 2015            CHARLES  R. BREYER
                                     UNITED STATES DISTRICT JUDGE